**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

**Case No.** _____

NICHOLAS HEALY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

HONORLOCK INCORPORATED,

    Defendant.

**NOTICE OF REMOVAL OF ACTION**

Pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Honorlock, Inc. ("Honorlock") hereby gives notice of removal of this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (hereinafter the "Circuit Court") to the U.S. District Court for the Southern District of Florida.

In support of removal, Honorlock states as follows:

**I.  THE STATE COURT ACTION**

On August 24, 2021, Plaintiff Nicholas Healy ("Plaintiff") commenced this action in the Circuit Court, titled *Healy v. Honorlock Incorporated*, Case. No. 50-2021-CA-010070. Copies of the summons, complaint, and a Circuit Court standing order were served on Honorlock on September 15, 2021. *See* Ex. 1 (return of service); Ex. 2 (summons); Ex. 3 (class action complaint); Ex. 4 (standing order). No other "process, pleadings, [or] orders" have been served upon Honorlock in the Circuit Court. 28 U.S.C. § 1446(a).

The Complaint alleges that Honorlock unlawfully "captur[ed], collect[ed], stor[ed], and us[ed] Plaintiff's and other similarly situated individuals' biometric identifiers and biometric information . . . without first obtaining informed written consent or establishing publicly available biometric data retention and destruction policies[.]" Compl. ¶ 1. Based on these and other allegations, Plaintiff asserts three claims for violation of subsections 14/15(a), 14/15(b), and

14/15(c) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1. *See id.* ¶¶ 63-80.

Plaintiff also seeks to represent a proposed class of "[a]ll individuals who are Illinois residents and had their biometrics collected, captured, received, or otherwise obtained by [Honorlock,]" *id.* ¶ 57, and alleges that "the number of persons within the Class is substantial, believed to amount to tens of thousands of persons or more" such that that joinder of all members is "impractical[,]" *id.* ¶ 58. Among other relief, Plaintiff seeks on behalf of himself and every class member: (1) declaratory relief, (2) injunctive and equitable relief, (3) statutory damages, (4) attorneys' fees and costs, and (5) pre- and post-judgment interest. *Id.* at 28-29.

## II.   GROUNDS FOR REMOVAL

**A.   This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the district courts of the United States have original jurisdiction over it pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See id.* § 1332(d); *see also id.* § 1453(b) (setting procedure for removing class actions).

CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* § 1332(d)(2)(A). For the following reasons, these requirements are met, and this matter is removable.

**1.   This is a putative class action in which the aggregate number of proposed class members is 100 or more.**

This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar

Case 9:21-cv-81912-RS   Document 1   Entered on FLSD Docket 10/14/2021   Page 3 of 8

State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

Plaintiff includes "Class Allegations" in his Complaint, Compl. ¶¶ 57-62, asserts that he will "adequately represent and protect the interests of such a Class[,]" *id.* ¶ 61, and states that the action is eligible for class certification pursuant to Fla. R. Civ. P. 1.220, *et seq.*, *id.* ¶ 57. Florida Rule of Civil Procedure 1.220, in turn, "is based on Federal Rule of Civil Procedure 23." *Concerned Class Members v. Sailfish Point, Inc.*, 704 So. 2d 200, 201 (Fla. Dist. Ct. App. 1998). Accordingly, this action is indisputably a putative class action under CAFA.

Moreover, Plaintiff purports to bring this action on behalf of "[a]ll individuals who are Illinois residents and had their biometrics collected, captured, received, or otherwise obtained by [Honorlock,]" Compl. ¶ 57, and alleges that "the number of persons within the Class is substantial, believed to amount to tens of thousands of persons or more[,]" *id.* ¶ 58; *see also id.* ¶ 14 (alleging that Honorlock "actively collect[s], captur[es], stor[es], us[es], and profit[s] from the facial geometry, voiceprint, and associated personal identifying information (including biometrics) of tens of thousands of students in Illinois"). The class as alleged thus consists of more than 10,000 members.

Accordingly, this is a putative class action in which the aggregate number of proposed class members is 100 or more.

**2.     The amount in controversy exceeds $5 million.**

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). BIPA provides statutory damages of $1,000 for a negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." *See* 740 ILCS 14/20. Because the proposed class is comprised of more than 10,000 individuals, *see* Compl. ¶¶ 14, 58, and because Plaintiff seeks to recover "statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA, or alternatively, . . . statutory damages of $1,000.00 for each and every negligent violation of BIPA[,]" *id.* at 28, the

-3-

amount in controversy in this case easily exceeds the threshold requirement of $5 million. *See, e.g.*, *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) ("[W]hen a defendant seeks federal-court adjudication [under CAFA], the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. . . . [and] all that is required is a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.") (citations, alterations, and quotation marks omitted); *State Farm Mut. Auto. Ins. Co. v. A & J Med. Ctr.*, 20 F. Supp. 3d 1363, 1367 (S.D. Fla. 2014) (a court should not dismiss an action for failure to satisfy the amount in controversy requirement "unless it appears a 'legal certainty' that plaintiff's claim is actually for less than the jurisdictional amount").

By the statements contained in this Notice of Removal, Honorlock does not concede that Plaintiff is entitled to any damages or other relief. The Complaint nonetheless places more than $5 million in controversy, exclusive of interest and costs, and CAFA's second requirement is therefore satisfied.

### 3.    The parties are minimally diverse.

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

Plaintiff is a "resident and citizen of Illinois[,]" Compl. ¶ 18, while Honorlock is a citizen of only the states of Delaware and Florida, *see id.* ¶¶ 16, 19 (alleging that Honorlock is incorporated under the laws of Delaware and has its principal place of business in Boca Raton, Florida); 28 U.S.C. §1332(c)(1) (stating that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Accordingly, the parties are minimally diverse under CAFA.

### B.    None of CAFA's exceptions bars removal in this case.

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9) or 28 U.S.C. § 1453(d).

Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all

proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed" 28 U.S.C. § 1332(d)(4)(A); *see also id.* § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because Plaintiff is a resident and citizen of Illinois[,]" Compl. ¶ 18, and the proposed class is defined to include only "individuals who are Illinois residents," *id*. ¶ 57. Thus, there is no reason to believe that *any* proposed class members (much less greater than two-thirds of them) are citizens of Florida—the state where the action was filed. *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006) (holding that a plaintiff bears the burden of establishing, by a preponderance of the evidence, that one of the CAFA exceptions applies); *see also Ner Tamid Congregation of N. Town v. Krivoruchko*, 620 F. Supp. 2d 924, 931 (N.D. Ill. 2009) ("To determine an individual's citizenship for diversity purposes, courts look to the state of the individual's domicile when the complaint was filed. Domicile has two elements: (1) physical presence or residence in a state and (2) an intent to remain in the state.") (citations omitted).

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Compl. ¶¶ 63-80 (asserting BIPA claims).

**C.      Venue is proper.**

The Southern District of Florida, West Palm Beach Division is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Palm Beach County. *See* 28 U.S.C. § 1441(a).

**D.      Honorlock has satisfied all other requirements of the removal procedure.**

This Notice of Removal is timely filed. Copies of the Summons and Complaint were served on Honorlock on September 15, 2021, *see* Ex. 1, and this Notice of Removal is filed within 30 days of service of the Complaint in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a). As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Honorlock are being filed herewith as Exhibits 1 through 4.

Pursuant to 28 U.S.C. § 1446(d), Honorlock will promptly serve on Plaintiff and file with the Circuit Court a "Notice of Filing Notice of Removal," and will also include a certificate of service pursuant to Fed. R. Civ. P. 5(d).

## III.    RESERVATION OF RIGHTS AND DEFENSES

None of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Honorlock's rights or defenses. To the contrary, Honorlock expressly reserves all of its rights and defenses.[1] *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *see also Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## IV.    CONCLUSION

In light of the foregoing, Honorlock respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court. In addition, Honorlock further requests whatever other relief the Court deems appropriate.

---

[1] This includes the right to enforce its Terms of Service, which provide for mandatory arbitration and a waiver of class claims.

-7-

Dated: October 14, 2021

By: */s/ Beth-Ann E. Kimsky*
BETH-ANN E. KRIMSKY
Fla. Bar No. 968412
JAMEY R.. CAMPELLONE
Fla. Bar No. 119861
**GREENSPOON MARDER LLP**
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 527-2427
Facsimile: (954) 333-4027
beth-ann.krimsky@gmlaw.com
jamey.campellone@gmlaw.com

Nicola C. Menaldo (*Pro Hac Vice*
application forthcoming)
NMenaldo@perkinscoie.com
Anna Mouw Thompson (*Pro Hac Vice*
application forthcoming)
AnnaThompson@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Ariel B. Glickman (*Pro Hac Vice*
application forthcoming)
AGlickman@perkinscoie.com
**PERKINS COIE LLP**
700 Thirteenth Street NW, Suite 800
Washington, DC 20005
Telephone: (202) 654-6200
Facsimile: (206) 654-6211

*Attorneys for Defendant Honorlock Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing <u>Notice of Removal of Action</u> has been furnished electronically on <u>October 14, 2021</u>, with the Clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Beth-Ann E. Krimsky*
Beth-Ann E. Krimsky